UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AIMEE GAUBERT                                    CIVIL ACTION

VERSUS                                           NO: 06-210

VIRGINIA ROWEN, DAVID                            SECTION: "J"(3)
TURNER, GREG SMITH, & DAVID
LETTERMEN

### ORDER DISMISSING CASE

In the instant matter, the Complaint may be restated here in its entirety: "they have been working against [sic] for eight years keeping me from working in television and have 100 zillion 15 billion 213 million dollars of mine."

Federal Rule of Civil Procedure 8(a) requires that a Complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends...; (2) a short and plain statement of the claims showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Clearly, the above-quoted complaint meets none of this requirements.

Federal Rule 41(b) authorizes dismissal of an action "[f]or failure of the plaintiff to prosecute **or to comply with [the Federal] rules** or any order of court." (Emphasis added.) The court, in its inherent authority, may dismiss the action <u>sua sponte</u>, absent a motion by a defendant. <u>McCullough v. Lynaugh</u>, 835 F.2d 1126, 1127 (5th Cir. 1988).[1]

Accordingly, given the defects in the Complaint filed herein, in addition to the fact that the Complaint appears frivolous on its face,

**IT IS ORDERED** that this matter should be and is hereby **DISMISSED**.

New Orleans, Louisiana, this  30th  day of January, 2006.

*[signature]*
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

---

[1] While <u>McCullough</u> involved a <u>sua sponte</u> Rule 41(b) dismissal based upon failure to prosecute, nothing in the opinion suggests that a court's inherent authority to dismiss <u>sua sponte</u> does not apply to all grounds for dismissal enumerated in 41(b), including failure to comply with the Federal Rules of Civil Procedure.